UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

SCOTT MACARTHUR,

        Plaintiff,

v.

EATON COUNTY 56A DISTRICT
COURT, et al.,

        Defendants.
_____/

Case No. 1:21-cv-775

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated at the South Central Correctional Facility in Clifton, Tennessee. The events about which he complains occurred while he was confined at that

facility. Plaintiff sues the "56A District/Circuit/Probate Court of Eaton County," Douglas R. Lloyd, and Eaton County Circuit Court Chief Deputy Clerk Kelli Wriggelsworth.

Plaintiff alleges that on January 10, 2019, he filed a lawsuit in this Court, Case No. 1:18-cv-1274, regarding an inheritance he had left in the care of his daughter. Plaintiff's lawsuit was dismissed for lack of jurisdiction. Plaintiff then attempted to file an action in Ingham County before Judge Wanda M. Stokes as number 20-172-CK. Plaintiff states that he was unable to obtain any relief. Plaintiff subsequently made multiple attempts to file an action in Eaton County, in the Eaton County Circuit Court, the Eaton County District Court, and the Eaton County Probate Court. Plaintiff states that the third time he attempted to file his action, he sent his paperwork to all three courts, asking that it be filed in the appropriate court. Plaintiff claims that his case was repeatedly rejected, the Circuit Court stating that it must be filed in the Probate or District Court, and the Probate Court stating that it must be filed in Circuit Court. Plaintiff states that he also sent letters to Defendant Lloyd, asking for an investigation into the conduct of his daughter Alyssa MacArthur. Plaintiff also sent a letter to Defendant Wriggelsworth, seeking assistance. Defendant Wriggelsworth responded by stating that she was unable to give Plaintiff legal advice, but that he might be able to obtain help from michiganlegalhelp.org. Defendant Wriggelsworth also stated that on January 30, 2020, Shelby Coolbaugh from the Michigan Elder Justice Initiative had forwarded copies of Plaintiff's paperwork to michiganlegalhelp.org for review.

Plaintiff asserts that Defendants have denied his constitutional right to due process and access to the courts. Plaintiff seeks to have his case assigned a judge and to be heard in court. Plaintiff also seeks $500,000.00.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

3

III.     **District/Circuit/Probate Court of Eaton County**

The Eaton County District, Circuit, and Probate Courts are immune from suit in this Court.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense.  *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974).  The Court may therefore raise Eleventh Amendment immunity on its own motion.  *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

In addition, the Court notes that under the Michigan Constitution, the judiciary is a separate and independent branch of state government.  *See Jud. Att'ys Ass'n v. Michigan*, 586 N.W.2d 894, 897–98 (Mich. 1998).  Each state court is part of the "one court of justice" established by the Michigan Constitution.  Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland Cnty. Cir. Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004).  The circuit courts are part of the state government, not the county or the city.  *Judges of the 74th Jud. Dist. v. Bay Cnty.*, 190 N.W.2d 219, 224 (Mich. 1971).  The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment

4

sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Sup. Ct.*, 46 F. App'x 228, 236–37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268–70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Ct. Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Ct.*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir.1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and states and their subdivisions are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eaton County District, Circuit, and Probate Courts must therefore be dismissed both because they are immune under the Eleventh Amendmentand and because they are not persons within the meaning of § 1983.

IV. **Defendant Wriggelsworth**

Defendant Wriggelsworth is employed by the Eaton County Circuit Court Clerk's Office as a Chief Deputy Clerk and returned Plaintiff's case to him, informing him that his case was not properly filed in the Circuit Court. (ECF No. 1-1, PageID.10–14.) Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from

5

suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk). *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected by judicial immunity). Defendant Wriggelsworth was clearly acting on behalf of the court when she returned Plaintiff's complaint. Because Defendant Wriggelsworth is entitled to quasi-judicial immunity, Plaintiff may not maintain an action against her for monetary damages.

V. **Defendant Lloyd**

As noted above, although Plaintiff names Defendant Douglas R. Lloyd as a public defender in his complaint, he was actually employed as a prosecuting attorney in Eaton County during the pertinent time period. *See* https://www.eatoncounty.org/directory.aspx?EID=7. Plaintiff claims that Defendant Lloyd violated his rights by failing to investigate Plaintiff's assertion of wrongdoing on the part of his daughter. However, no such right exists. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio, Sept. 18, 2002); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Maryland, Feb. 8, 1999) (both citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195 (1989)). "No federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White*, 217 F. Supp. 2d at 841–42; *Langworthy*, 37 F.

6

Supp. 2d at 422. The conclusion that such a right does not exist is supported by the fact that there is no federally protected right to compel the prosecution of a criminal activity. *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691–92 (6th Cir. 1994). Therefore, because Plaintiff has not shown the deprivation of a federally protected right, his § 1983 complaint is properly dismissed. Therefore, Defendant Lloyd is properly dismissed from this action.

VI. **Pending motions**

Plaintiff's pending motions for appointment of counsel, for hearing, and for prospective and injunctive relief (ECF Nos. 4–6) are denied as moot.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: October 7, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE